**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4421**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL EARL LOGAN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:23-cr-00074-MOC-WCM-1)

─────────────

Submitted:  December 19, 2025                    Decided:  January 8, 2026

─────────────

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  John G. Baker, Federal Public Defender, Ashley A. Askari, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury returned an indictment charging Daniel Earl Logan with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Invoking *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation is valid under Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation"), Logan moved to dismiss the indictment on the basis that § 922(g)(1) is facially unconstitutional.  The district court denied this motion.  Logan then pled guilty as charged, and the district court sentenced him to 13 months' imprisonment and 3 years' supervised release.  On appeal, Logan's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising as an issue for review whether § 922(g)(1) is unconstitutional, facially and as applied to Logan.  The Government declined to file a brief, and, although informed of his right to do so, Logan did not file a pro se supplemental brief.  We affirm.

We review the district court's rejection of Logan's facial challenge de novo, *United States v. Skinner*, 70 F.4th 219, 223 (4th Cir. 2023) (per curiam), and, because Logan did not preserve his as-applied challenge, we review it for plain error, *see United States v. Hunt*, 123 F.4th 697, 701 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025).  To prevail under the plain-error standard, Logan must show the presence of an error that is plain and that affected his substantial rights.  *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). "Even if the defendant satisfies this three-prong test, [this court] exercise[s its] discretion to remedy the error only if it seriously affects the fairness, integrity or public reputation of

2

judicial proceedings." *Id.* (internal quotation marks omitted). An error qualifies as plain when it is "clear or obvious, rather than subject to reasonable dispute." *United States v. Covington*, 65 F.4th 726, 731 (4th Cir. 2023) (internal quotation marks omitted).

Following *Bruen*, § 922(g)(1) "is facially constitutional." *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024). Additionally, a person convicted of a felony "cannot make out a successful as-applied challenge to [§] 922(g)(1) unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful." *Hunt*, 123 F.4th at 700 (internal quotation marks omitted). Neither condition applies here. Accordingly, Logan fails to establish plain constitutional error in his conviction or reversible error in the district court's denial of his motion to dismiss the indictment.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Logan, in writing, of the right to petition the Supreme Court of the United States for further review. If Logan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Logan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*